# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.R. MASON CORPORATION, CO., <br><br> Plaintiff, <br><br> v. <br><br> GBOD, LLC, *et al.* <br><br> Defendants. | Case No. 17-cv-01779-BAS-WVG <br><br> **ORDER:** <br><br> **(1) GRANTING RENEWED MOTION FOR LEAVE TO WITHDRAW AS COUNSEL (ECF No. 27);** <br><br> **AND** <br><br> **(2) ORDERING PLAINTIFF TO FILE NOTICE OF IDENTIFICATION OF SUBSTITUTE COUNSEL** |

Presently before the Court is a renewed motion for leave to withdraw as counsel filed by Plaintiff D.R. Mason Corporation's ("D.R. Mason Corporation") counsel of record, Matthew J. Faust of Sharif | Faust Lawyers, Ltd. (ECF No. 27.) Previously, the Court denied without prejudice Mr. Faust's request for leave to withdraw himself and his firm as counsel because granting the request would leave D.R. Mason Corporation without counsel and without the ability to represent itself in this action. (ECF No. 24); *see* Civ. L.R. 83.3(j) ("Only natural persons representing

their individual interests in propria persona may appear in court without representation . . . . All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney."); *see also Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Instead, the Court gave D.R. Mason Corporation thirty days to retain new counsel. (ECF No. 24.) Thirty days have now passed, and Mr. Faust again makes his request for leave to withdraw as counsel. (ECF No. 27.)

In the renewed motion, Mr. Faust states that "there has been a breakdown in [his] firm's communications with Plaintiff," and that "[d]espite [their] efforts, [they] have received no instructions from Plaintiff and Plaintiff has provided no responses to [their] own instructions." (Faust Decl. ¶ 2.) Mr. Faust also adds that "Plaintiff has not met its obligations owed to [his firm]" and that withdrawal should be allowed to "prevent any further delay or prejudice" to D.R. Mason Corporation. (*Id.*) Further, Mr. Faust states that his firm notified D.R. Mason Corporation on June 26, 2018 of the Court's previous Order affording it thirty days to retain new counsel. (*Id.* ¶ 5.) D.R. Mason Corporation did not respond to the firm's communications. (*Id.*) It is Mr. Faust's belief that D.R. Mason Corporation has yet to retain substitute counsel. (*Id.*)

Upon review of the renewed motion, the Court grants the motion. (ECF No. 27); *see Garrett v. Ruiz*, No. 11-cv-2450-IEG-WVG, 2013 WL 163420, at *2 (S.D. Cal. Jan. 14, 2013). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Garrett*, 2013 WL 163420, at *2 (quoting *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-cv-1301-IEG-POR, 2010 WL 444708, at * 1 (S.D. Cal. Feb. 2, 2010)). Mr. Faust states that his firm has attempted to contact his client on multiple occasions for months without avail. (Faust Decl. ¶ 2.) Due to this lack of communication, Mr. Faust

and his firm have been unable to proceed with this case because they lack any direction from their client, including on how to respond to the defendant's motion to dismiss. (*Id.*; *see* ECF No. 23.) Instead, Mr. Faust has sought (and obtained) multiple extensions of time to respond to the motion. (*See* ECF Nos. 19, 24.) Additionally, even after thirty days from the Court's previous Order regarding the withdrawal motion, D.R. Mason Corporation has yet to respond to its own counsel regarding its representation. (*Id.* ¶ 5.) The Court also notes that the defendant's counsel supports the withdrawal of counsel to the extent that it does not further delay of the resolution of this case. (ECF No. 25.) As for delay, the Court recognizes that not permitting withdrawal will likely lead to further delays in resolving this action. Because of its refusal to communicate with its counsel, D.R. Mason Corporation has yet to respond to a motion to dismiss filed almost three months ago, prejudicing itself and the defendant. (*See* ECF No. 17.) In light of the foregoing, the Court finds that the balance of factors weighs in favor of withdrawal. The Court also recognizes that withdrawing Mr. Faust and his firm as counsel may leave D.R. Mason Corporation without representation, and thus it cannot proceed with its claims. *See* Civ. L.R. 83.3(j).

Because the Court has only received communication regarding D.R. Mason Corporation's current representation through Mr. Faust, the Court will permit D.R. Mason Corporation to identify its substitute counsel, if it has one, before the Court dismisses this action. However, if D.R. Mason Corporation does not have substitute counsel, or does not identify its counsel, then the Court will dismiss this action in its entirety for failure to retain counsel. *See Greenspan v. Admin. Office of the United States Courts*, No. 14-cv-2396-JTM, 2014 WL 6847460, at *6 (N.D. Cal. Dec. 4, 2014) (dismissing corporate plaintiffs for failure to obtain legal representation).

According, the Court **GRANTS** the motion for leave to withdraw as counsel of record. (ECF No. 27.) Additionally, the Court **ORDERS** D.R. Mason Corporation to file a Notice of Identification of Substitute Counsel **no later than August 15,**

**2018**. If no such notice is filed, then the Court will **dismiss this action in its entirety** for failure to retain counsel.

    IT IS SO ORDERED.

DATED: July 31, 2018

Hon. Cynthia Bashant
United States District Judge